Town of Portsmouth
vs.                    }Law No. 4029.
Lily Church, alias.

July 11, 1931.

BAKER, J. Heard on plaintiff's motion for a new trial.

This is an action of trespass and ejectment brought by the Town of Portsmouth to recover possession from the defendant of what is alleged to be town land, being a portion of a certain ancient landing place on the shore of the Seaconnet River and a way leading thereto.

In support of its contention, the plaintiff presented certain oral testimony but relied chiefly on its record title, which it attempted to show by the introduction of a number of deeds and several plats and surveys.

The defendant made no proof of any record title to the premises in dispute and under the law could not obtain any rights by way of adverse possession against the town. The defendant contends that it was necessary for the plaintiff to recover possession on the strength of its own title and that it was a question of fact for the determination of the jury whether or not the property in question fell within the lines of the alleged town landing place and way.

In determining this question there apparently was little dispute between the parties as to the southerly line of said lane or way. The debatable question of fact in the case appeared to center about the location of the northerly line. The plaintiff argues that the testimony presented shows that beyond any question the northerly line of said landing place and way passes to the north of the premises occupied by the defendant and that they are clearly within the limits of said landing place and lane.

On the other hand, the defendant contends that the northerly line in question passes a few feet to the south of the property occupied by her and that the town is not entitled to recover possession thereof.

In support of her claim, the defendant presented testimony of several witnesses who testified to the position on the land of certain foundations and

the remains of some old stone walls, as tending to prove her claim that the northerly line of the way and landing place is south of the property occupied by her. She also presented several exhibits for the consideration of the Court.

This evidence relating to the location of the remains of walls on the land was, in the opinion of the Court, somewhat indefinite and uncertain. Moreover, the testimony of the witness John M. Brownell seems to be open to the suggestion that it apparently is in derogation of a grant which he had previously made of certain properties lying immediately north of and bordering upon the way in question.

After a careful consideration of all the evidence, the Court is of the opinion that the record testimony introduced by the plaintiff, and explained by the plats, surveys and oral testimony, concerning the north line of the property in dispute, outweighs evidence of the location of stone walls as presented by the defendant and her witnesses.

In the judgment of the Court the fair preponderance of the evidence tends to support the plaintiff's contention that the premises in dispute are town land and a portion of said ancient landing place and way, and it finds the verdict of the jury to be against the weight of the evidence.

Plaintiff's motion for a new trial is granted.

For complainant: Burdick, Corcoran & Peckham.

For respondent: Max Levy.